IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ROGER BECKETT,

    Plaintiff,

  v.                                                Case No. 2:23-cv-520
                                                    Judge James L. Graham
KHB LONESTAR LLC,                  Magistrate Judge Kimberly A. Jolson

    Defendant.

**OPINION AND ORDER**

       This matter is before the Court for consideration of Defendant's Motion to Dismiss, filed pursuant to Federal Rule of Civil Procedure 12(b)(6), by Defendant KHB Lonestar, LLC ("Defendant"), moving this Court for an order dismissing this action with prejudice for failure to state a claim upon which relief may be granted. (ECF No. 11.)  For the reasons that follow, Defendant's motion is DENIED.

    **I.   FACTUAL ALLEGATIONS**

       Plaintiff Roger Beckett ("Plaintiff") is a former employee of KHB Lonestar, LLC. Plaintiff began working for Defendant on September 20, 2021 when he was 42 years old (ECF No. 1, ¶ 17; 19). During his brief tenure with the company, Plaintiff served as a Hydrovac Manager and did not have a record of disciplinary action while with the company (*Id.* at ¶18; 20). During his first week with the company, Plaintiff noticed numerous safety concerns with the Defendant's equipment, trucks and operations (*Id.* at ¶ 21). Plaintiff also alleges that he heard several employees discussing their use of illicit drugs (*Id.* at ¶22-23). He claims that he reported these conversations to his supervisor and that no action was taken by the Defendant (*Id.* at ¶ 25).

       A few days later, on September 25, 2021, Plaintiff observed other employees smoking inside a garage near large fuel tanks (*Id.* at ¶ 31). Plaintiff reported this incident to his supervisor and claims that no disciplinary action was taken (*Id.* at ¶ 35). Plaintiff was later asked to help fill in for other employees by driving trucks (*Id.* at ¶ 36). Plaintiff asserts that he was provided with a truck that had a history of braking issues and visibly bald tires (*Id.* at ¶ 37). He claims that he expressed his concerns to his supervisor but was still ordered to operate the truck (*Id.* at ¶ 38).

On October 6, 2021, Plaintiff's paycheck from the Defendant bounced (*Id.* at ¶ 42). Plaintiff reached out to his supervisor and was assured that the issue would be "straightened out" (*Id.* at ¶ 43). Shortly after this, Defendant informed Plaintiff that they were terminating his employment, effective immediately (*Id.* at ¶ 50).

## II. PROCEDURAL BACKGROUND

Plaintiff filed his Complaint, with a jury demand, on February 3, 2023 (ECF No. 1). Plaintiff's Complaint contained ten causes of action. Count I claims age discrimination in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §623; Count II claims age discrimination in violation of R.C. §4112.01 *et seq.*; Count III alleges wrongful termination in violation of public policy; Count IV claims a violation of the Fair Labor Standards Act: failure to pay minimum wage; Count V alleges a violation of the Ohio Minimum Fair Wage and Standards Act, R.C. §4111.03 *et seq.*; Count VI claims a violation of the Fair Labor Standards Act for failure to pay overtime; Count VII alleges a violation of R.C. §4111.03 based on a failure to pay overtime; Count VIII alleges a violation of R.C. §4113.51, the Ohio Prompt Payment Act; Count IX alleges retaliation in violation of the FLSA; and Count X alleges retaliation in violation of the OMFWSA.

On April 4, 2023, Defendant filed a consent Motion for Extension of Time to File an Answer (ECF No. 6), which this Court GRANTED (ECF No. 7). On May 2, 2023, Defendant filed its Motion to Dismiss for failure to state a claim in regard to Counts I, II, and III (ECF No. 11). Defendant subsequently filed a Motion to Stay Discovery (ECF No. 14) which this Court also GRANTED (ECF No. 19).On May 18, 2023, Plaintiff filed his Response in Opposition (ECF No. 17) to Defendant's Motion to Dismiss for Failure to State a Claim. On June 1, 2023, Defendant filed its Reply (ECF No. 20) to Plaintiff's Response. Defendant's motion is ripe for adjudication.

## III. MOTION TO DISMISS STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When considering a motion under Rule 12(b)(6) to dismiss a pleading for failure to state a claim, a court must determine whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A court should construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. *Iqbal,* 556 U.S. at 679; *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *Twombly*, 550 U.S. at 555-56.

Despite this liberal pleading standard, the "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678; *see also Twombly*, 550 U.S. at 555, 557 ("labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do," nor will "naked assertion[s]" devoid of "further factual enhancements"); *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (a court is "not bound to accept as true a legal conclusion couched as a factual allegation"). The plaintiff must provide the grounds of his entitlement to relief "rather than a blanket assertion of entitlement to relief." *Twombly*, 550 U.S. at 556 n.3. Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679.

When the complaint does contain well-pleaded factual allegations, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Though "[s]pecific facts are not necessary," *Erickson*, 551 U.S. at 93, and though Rule 8 "does not impose a probability requirement at the pleading stage," *Twombly*, 550 U.S. at 556, the factual allegations must be enough to raise the claimed right to relief above the speculative level and to create a reasonable expectation that discovery will reveal evidence to support the claim. *Iqbal*, 556 U.S. at 678-79; *Twombly*, 550 U.S. at 555-56. This inquiry as to plausibility is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

**IV.    DISCUSSION**

Since Defendant's Motion to Dismiss only addresses Counts I, II, and III, the Court will not address the merits of Counts IV through X.

   A. *Counts I and II: Age Discrimination Under ADEA and Ohio Law*

The ADEA prohibits an employer from "discriminating against an employee over the age of forty because of the employee's age." *House v. Rexam Beverage Can Co.*, 630 F. App'x 461, 463 (6th Cir. 2015). To establish a prima facie case of age discrimination, the ADEA plaintiff "must show that: (1) she was over 40 years old; (2) she suffered an adverse employment action; (3) she was

3

qualified for the position she held; and (4) she was either replaced by a person outside the protected class or treated differently than similarly-situated individuals." *Id.* at 462. Although the complaint "need not present 'detailed factual allegations,' it must allege sufficient 'factual content' from which a court, informed by its 'judicial experience and common sense,' could 'draw the reasonable inference'" that Defendant discriminated against Plaintiff with respect to his age. *Id.* at 463.

Defendant argues that Plaintiff has not adequately alleged that his age was the reason for the termination of his employment. The Court disagrees. Based on the complaint's clear factual allegation that KHB replaced Plaintiff with a person who was substantially younger than him and based on the Court's judicial experience and common sense, the Court finds that the complaint's factual content adequately supports an inference that Defendant discriminated against Plaintiff with respect to his age. The complaint expressly alleges that Plaintiff is over 40 years old, was qualified for his job, and was terminated by Defendant, who replaced him with a younger person outside the protected class. (ECF No. 1, ¶¶ 19, 51, 52, 93). Further, the complaint cites specific examples of Defendant's favoritism towards employees who were substantially younger than Plaintiff. These examples include younger employees escaping discipline despite committing workplace safety violations. (*Id.*, ¶¶ 24, 27, 28, 32).

Age discrimination claims brought under the Ohio statute are "analyzed under the same standards as federal claims brought under the [ADEA]." *Wharton v. Gorman–Rupp Co.,* 309 Fed.Appx. 990, 995 (6th Cir.2009) (citing *Minadeo v. ICI Paints,* 398 F.3d 751, 763 (6th Cir.2005)). Accordingly, the Court denies Defendant's motion to dismiss Counts I and II, pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state claim upon which relief may be granted.

B. Count III – Termination in Violation of Public Policy

Plaintiff alleges that the Defendant is liable for wrongful discharge in violation of Ohio public policy based on its alleged violation of workplace safety laws under R.C. §4101.11 and §4101.12. To establish a cause of action for the tort of wrongful discharge in violation of public policy under Ohio law, the plaintiff must prove:

> (1) That a clear public policy existed and was manifested in a state or federal constitution, statute, or administrative regulation, or in the common law ("the clarity element");
>
> (2) That dismissing employees under circumstances like those involved in the plaintiff's dismissal would jeopardize the public policy ("the jeopardy element");

4

> (3) The plaintiff's dismissal was motivated by conduct related to the public policy ("the causation element");
>
> (4) The employer lacked an overriding legitimate business justification for the dismissal ("the overriding justification element").

*Collins v. Rizkana,* 73 Ohio St.3d 65, 652 N.E.2d 653, 657–58 (1995). The first two elements of the claim are questions of law to be decided by the court, while the latter two elements are questions of fact to be decided by a jury. *Id.* at 658.

Under R.C. §4101.11, employers shall "furnish employment which is safe for the employees engaged therein." Further, under R.C. §4101.12:

> "No employer shall require, permit, or suffer any employee to go or be in any employment or place of employment which is not safe, and no such employer shall fail to furnish, provide, and use safety devices and safeguards, or fail to obey and follow orders or to adopt and use methods and processes reasonably adequate to render such employment and place of employment safe. No employer shall fail to do every other thing reasonably necessary to protect the life, health, safety, and welfare of such employees or frequenters. No such employer or other person shall construct, occupy, or maintain any place of employment that is not safe."

The parties dispute whether the Plaintiff has satisfied the "clarity" and "jeopardy" elements of a claim for wrongful discharge in violation of public policy. The only matter the court must determine at this time is whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

In this case, the Plaintiff meets that burden. Plaintiff has cited directly to two statutes that govern the safety requirements of a workplace. The facts show that Plaintiff identified multiple violations that impacted the safety of his workplace, reported them to his manager, and that Defendant failed to take corrective action(s) (ECF No. 1). If, as Plaintiff claims, he was fired for reporting these violations, Defendant's action would represent a clear violation of public policy. Viewing the complaint in favor of the Plaintiff and treating all well-pleaded facts as true, Plaintiff has successfully met the requirements under Fed. R. Civ. P 12(b)(6). Defendant's Motion to Dismiss for failure to state a claim on Count III is therefore DENIED.

## V. CONCLUSION

For the above reasons, Defendant's Motion to Dismiss for failure to state a claim, Doc. 11, is **DENIED.** Plaintiff's claims for age discrimination (Counts I and II) and claim for termination in violation of public policy (Count III) remain pending.

    IT IS SO ORDERED.

*s/ James L. Graham*
JAMES L. GRAHAM
United States District Judge

DATE: May 2, 2024